**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

RAFAEL ARIES SA BATISTA,

        Plaintiff,

   v.

UNITED STATES OF AMERICA
et al.,

        Defendants.

Case No. 3:07-CV-233

(Judge Kosik)

## MEMORANDUM AND ORDER

Plaintiff, Rafael Aries Sa Batista, an inmate confined at the U.S. Penitentiary at Big Sandy, Kentucky, filed on April 2, 2008 a motion to reconsider our order Dated March 17, 2008. Plaintiff requests that we reconsider the dismissal of his complaint because the decision to dismiss (1) was contrary to fact in that he did exhaust his administrative remedies, (2) contrary to law in that failure to exhaust administrative remedies is not a permissible basis for a sua sponte dismissal, and (3) violated the Ex Post Facto clause of the United States Constitution.

A motion to reconsider is used to correct manifest errors of law or fact, or to present newly discovered precedent or evidence that, if discovered previously, might have affected the court's decision. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Ins. Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). A party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering or amending a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was unavailable when the court entered judgment; and (3) the need to correct a clear error of law or fact or to prevent

manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The motion may not be used to reargue unsuccessful theories, or to argue new facts or issues that were not presented to the court in the context of the matter previously decided.  See Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). We find no merit to the arguments set forth in Batista's motion.  Moreover, we find that the analysis set forth in our March 17, 2008 Memorandum and Order is sound.  Therefore, we deny his motion for reconsideration.

AND NOW, this 7th day of March, 2008, IT IS HEREBY ORDERED THAT:

(1) The plaintiff's motion for reconsideration is DENIED;

(2) The Order dated March 17, 2008 dismissing the plaintiff's complaint and closing the case will stand.

*s/Edwin M. Kosik*
United States District Judge